**THORPE SHWER, P.C.**
William L. Thorpe (Arizona Bar No. 005641), *Pro Hac Vice* motion to be filed
Tyler J. Grim (Arizona Bar No. 031300), *Pro Hac Vice* motion to be filed
3200 North Central Avenue, Suite 1560
Phoenix, Arizona 85012-2441
Telephone: (602) 682-6100
Email: docket@thorpeshwer.com
Email: wthorpe@thorpeshwer.com
Email: tgrim@thorpeshwer.com

**MESSNER REEVES LLP**
Renee Finch (Nevada Bar No. 13118)
8945 West Russell Road, Suite 300
Las Vegas, Nevada 89148
Telephone: (702) 363-5100
Facsimile: (702) 363-5101
Email: rfinch@messner.com

**Attorneys for Defendants**

**UNITED STATE DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CRISTIAN GARCIA-CHAVEZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>J.B. HUNT CORP., J.B. HUNT TRANSPORT, INC., ORLANDA JOHNSON, and DOES I through X; and ROE CORPORATIONS II through XX, inclusive,<br><br>Defendants. | CASE NO.: 2:18-cv-00040<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT UNDER 28 USC § 1441(a)** |

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants J.B. Hunt Corp. ("**J.B. Hunt Corp**"), J.B. Hunt Transport, Inc. ("**J.B. Hunt Trans.**") and Orlanda Johnson ("**Johnson**" with J.B. Hunt Corp. and J.B. Hunt Trans., the "**Defendants**") hereby file this Notice of Removal (the "**Notice**"). In support of its Notice, Defendants state as follows:

1. On December 12, 2017, Plaintiff commenced an action in the Eighth Judicial District Court, Clark County, State of Nevada entitled *Cristian Garcia-Chavez v. J.B. Hunt Corp., et. al.*, bearing Case No. A-17-766168-C.

/ / /



THORPE SHWER, P.C.

2. Defendants J.B. Hunt Trans. and J.B. Hunt Corp. were served with the Summons and Complaint on December 15, 2017 through its registered agent, CSC (Corporations Service Company). Defendants have been informed by Plaintiff that she desires to voluntarily dismiss J.B. Hunt Corp. with prejudice. To the extent that dismissal does not occur prior to this filing, J.B. Hunt Corp. is represented by undersigned counsel and consents to the Notice. Defendant Johnson has waived service and is represented by undersigned counsel in this proceeding.

3. This Notice is filed in the United States District Court for the District of Nevada within the time allowed by law for removal of actions to federal court. *See* 28 U.S.C. 1446(b)

4. The United States District Court for the District of Nevada is the district and division embracing the place where the state court action is pending. *See* 28 U.S.C. § 1441(a).

5. A copy of this Notice will be promptly served on counsel for Plaintiff and filed with the Clerk of the Eighth Judicial District Court, Clark County, State of Nevada. *See* 28 U.S.C. § 1446(d).

6. Undersigned counsel verifies that the documents attached hereto as **Exhibit A** are true and complete copies of all pleadings and other documents filed in the state court proceeding. These pleadings include the Summons(es), Complaint, Initial Appearance Fee Disclosure, and Affidavit of Service. *See* 28 U.S.C. § 1446(a).

7. There are no pending motions in the state court proceeding.

8. This action may be removed under 28 U.S.C. § 1441(a) because this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). There is complete diversity between the parties and the amount in controversy exceeds $75,000.

9. Defendant J.B. Hunt Corp. is a Delaware corporation, with its principal place of business in Lowell, Arkansas. As such, J.B. Hunt Corp. is a citizen and/or resident of the states of Delaware and Arkansans. J.B. Hunt Corp. is not a citizen and/or resident of Nevada.

10. Defendant J.B. Hunt Trans. is a Georgia corporation, with its principal place of business in Lowell, Arkansas. As such, J.B. Hunt Trans. is a citizen and/or resident of the states of Georgia and Arkansas. J.B. Hunt Trans. is not a citizen and/or resident of Nevada.

11. Defendant Johnson is a citizen and/or resident of the State of California.

12. Upon information and belief, Plaintiff is a citizen and/or resident of Clark County, Nevada. Exhibit A, Complaint at ¶ 2.

13. Plaintiff does not demand a specific amount of damages in her Complaint. However, Plaintiff alleges that he (1) "incurred, and will incur in the future, medical expenses in an amount to be proven at trial;" (2) "suffered injuries, all or some of which conditions may be permanent or disabling in nature, causing general damages;" and (3) suffered and continues to suffer a significant deterioration in Plaintiff's enjoyment of life and lifestyle." Exhibit A, Complaint at ¶¶ 21-23. Based upon communications with Plaintiff's counsel, Plaintiff has allegedly incurred in excess of $183,000 in medical expenses to date as a result of the accident at issue in this proceeding and is still receiving treatment. Accordingly, Defendants have a good faith belief that the damages claimed by Plaintiff exceed the $75,000 jurisdictional requirement.

WHEREFORE, Defendants, respectfully requests that this action proceed in this Court as an action properly removed to it.

DATED this 9th day of January, 2018.

THORPE SHWER, P.C.

By */s/ William L. Thorpe*
William L. Thorpe
Tyler J. Grim

AND
MESSNER AND REEVES LLP

By */s/ Rene M. Finch*
Renee Finch

Attorneys for Defendants
J.B. Hunt Transport, Inc. & Orlanda Johnson

THORPE SHWER, P.C.

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of MESSNER REEVES LLP, and that on this 9th day of January, 2018, I served and filed a true and correct copy of the foregoing **DEFENDANTS' NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT UNDER 28 USC § 1441(a)** to all parties by the Court's electronic service system.

Jacob S. Smith
Breanna K. Hartmann
Henness & Haight, Injury Attorneys
8972 Spanish Ridge Avenue
Las Vegas, NV 89148
**Attorneys for Plaintiff**

*/s/ Bonnie O'Laughlin*
An Employee of MESSNER REEVES LLP

# EXHIBIT A

EXHIBIT A

Electronically Filed
12/12/2017 3:35 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**

JACOB S. SMITH, ESQ.
Nevada Bar No. 10231
BREANNA K. HARTMANN, ESQ.
Nevada Bar No. 13889
HENNESS & HAIGHT, INJURY ATTORNEYS
8972 Spanish Ridge Avenue
Las Vegas, Nevada 89148
(702) 862-8200 Telephone
(702) 862-8204 Facsimile
jake@hennessandhaight.com
*Attorneys for Plaintiff*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| CRISTIAN GARCIA-CHAVEZ, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>J. B. HUNT CORP., J.B. HUNT TRANSPORT, INC., ORLANDA JOHNSON, and DOES I through X; and ROE CORPORATIONS II through XX, inclusive,<br><br>Defendants. | Case No.: A-17-766168-C<br>Dept. No.: Department 4 |

**COMPLAINT**

COMES NOW Plaintiff, CHRISTIAN GARCIA-CHAVEZ, by and through his attorney, BREANNA K. HARTMANN, ESQ. of HENNESS & HAIGHT Injury Attorneys, and for his causes of action against Defendants, and each of them, alleges as follows:

**PARTIES AND JURISDICTION**

1. That at all times relevant to these proceedings, Plaintiff, CRISTIAN GARCIA-CHAVEZ was and is a resident of Clark County, Nevada.

2. That at all times relevant to these proceedings and upon information and belief,

Defendant, J. B. HUNT CORP., (hereinafter "J.B. HUNT") was and is a foreign corporation, organized and existing pursuant to the laws of the State of Arkansas and doing business in the County of Clark, State of Nevada.

3. That at all times relevant to these proceedings and upon information and belief, Defendant, J.B. HUNT TRANSPORT, INC., (hereinafter "J.B. HUNT TRANSPORT.") was and is a foreign corporation, organized and existing pursuant to the laws of the State of Arkansas and doing business in the County of Clark, State of Nevada.

4. That at all times relevant to these proceedings and upon information and belief, Defendant, ORLANDA JOHNSON, (hereinafter "Defendant JOHNSON"), was and is a resident of the State of California.

5. That at all times relevant to these proceedings and upon information and belief, Defendant JOHNSON, Defendant J.B. HUNT and Defendant, J.B. HUNT TRANSPORT, were and are agents, owners, managers, subsidiaries, and/or parent companies of one another, insofar that said Defendants were and are doing business collectively in the County of Clark, State of Nevada, as Defendant, J.B. HUNT TRANSPORTATION.

6. Pursuant to NRCP 10(a) and *Nurenberger Hercules-Werke GMBH v. Virostek*, 107 Nev. 873, 822 P.2d 1100 (1991), the true names and capacities, whether individual, corporate, associate or otherwise of Defendants named herein as as DOES I through X, and ROE CORPORATIONS I through X, are unknown to Plaintiff, who, therefore, sue said Defendants by said fictitious names. Upon information and belief, these DOE and ROE Defendants, and each of them, are responsible in some manner for the events and happenings upon which this action is premised, or of similar actions directed against Plaintiff about which Plaintiff is presently unaware, and which directly and proximately caused injury and damages to Plaintiff as herein alleged.

Plaintiff will ask leave of this Court to amend his Complaint to insert the true names and capacities of as DOES I through X, and ROE CORPORATIONS I through X,, when the same have been ascertained and to join such Defendants in this action

7. That at all times mentioned herein, Defendants, and each of them were the agents, servants, partners and/or employees of each and every other Defendant, and were acting within the course and scope of their agency, partnership, and/or employment.

8. On or about December 22, 2015, Plaintiff CRISTIAN GARCIA-CHAVEZ was driving a 2004 Nissan Xterra southbound on Belmont Street near the intersection of Alexander Road, in North Las Vegas, Clark County, Nevada and slowed for traffic. At the same time and place, Defendant ORLANDA JOHNSON while in the course and scope of his employment, was driving an unregistered 2014 International tractor trailer truck VIN 3HSDJAPR0EN019906, owned by Defendants J.B. HUNT and/or J.B. HUNT TRANSPORTATION.

9. Defendant JOHNSON, suddenly and without warning, placed the truck into reverse and backed up, striking Plaintiff's vehicle, and pushing Plaintiff's vehicle backwards approximately ten feet.

**FIRST CAUSE OF ACTION**
**Negligence– all Defendants**

10. Plaintiff hereby repeats and re-alleges all prior paragraphs of this Complaint as though fully set forth herein.

11. Defendant JOHNSON owed Plaintiff a duty of reasonable and ordinary care to ensure that his operation of the truck was not done in a negligent, careless, reckless, or wanton manner.

12. That as result of Defendant JOHNSON'S decision to not exercise reasonable care while driving the truck on December 22, 2016, he collided with Plaintiff's vehicle and injured

Plaintiff.

13. That Defendant JOHNSON'S breach was the actual and proximate cause of Plaintiffs' injuries and damages.

14. Defendants J. B. HUNT and J.B. HUNT TRANSPORT owed Plaintiff a duty of reasonable care to insure that its trucks were not operated in a negligent, careless, reckless, or wanton manner.

15. Defendant J. B. HUNT and J.B. HUNT TRANSPORT breached this duty by imposing unrealistic time constraints on Defendant JOHNSON, thus facilitating and/or promoting negligence and careless, reckless, or wanton driving which resulted in Plaintiff's injuries.

16. Defendants J.B. HUNT and J.B. HUNT TRANSPORT chose not to ensure their drivers, including JOHNSON, followed and/or did not violate the limits set for hours driven and scheduled overtime work hours in excess of known safety standards and regulations.

17. Defendants J.B. HUNT and J.B. HUNT TRANSPORT consciously disregarded and allowed these violations to occur in order to increase its profit margin, by getting extra work from drivers, and negligently entrusting unskilled and/or inexperienced drivers to drive its company vehicles.

18. Defendants J.B. HUNT and J.B. HUNT TRANSPORT consciously disregarded regulations which were enacted to ensure drivers did not drive excessive hours. That decision contributed to the failure of Co-Defendant JOHNSON to fully and attentively operate the subject vehicle

19. That Defendants J. B. HUNT and J.B. HUNT TRANSPORT are vicariously liable to Plaintiff by virtue of the doctrine of *respondeat superior* in that Defendant JOHNSON was acting in the course and scope of his employment with Defendants J. B. HUNT and J.B. HUNT,

TRANSPORT at the time of the subject collision.

20. Additionally, Defendant JOHNSON failed to comply with the traffic laws of the State of Nevada as provided by the Nevada Revised Statutes, and the violation was the legal cause of Plaintiff's injury and Plaintiff was a member of a class designed to be protected by these statutes. Therefore, Defendants are negligent per se for the collision and are further liable to Plaintiff for damages under this law.

21. As a direct and proximate result of the negligence, carelessness and recklessness of Defendants, and each of them, Plaintiff incurred, and will incur in the future, medical expenses in an amount to be proven at the time of trial.

22. As a further direct and proximate result of the negligence, carelessness and recklessness of Defendants, and each of them, Plaintiff suffered injuries, all or some of which conditions may be permanent or disabling in nature, causing general damages in an amount to be determined at trial, but which are in excess of $15,000.00.

23. As a further direct and proximate cause of the negligence of the Defendants, and each of them, Plaintiff has suffered and continues to suffer a significant deterioration in Plaintiff's enjoyment of life and lifestyle.

24. Plaintiff has been forced to seek the services of an attorney and Plaintiff is therefore entitled to recover his attorney's fees from Defendant.

## SECOND CAUSE OF ACTION

**Negligent Hiring, Training, Supervision, and Retention – Defendants J.B. HUNT and J.B. HUNT TRANSPORT**

25. Plaintiff hereby repeats and re-alleges all prior paragraphs of this Complaint as though fully set forth herein.

26. Defendants J.B. HUNT and J.B. HUNT TRANSPORT had a duty to exercise

ordinary and reasonable care in screening, hiring, and retaining employees that were qualified and suitable to perform their duties in a reasonable safe manner so as to protect others from unreasonable risk of harm.

27. Defendants J.B. HUNT and J.B. HUNT TRANSPORT have a further duty to provide their employees with proper supervision and training so that those employees do not cause harm to the public while within the course and scope of employment.

28. Defendants J.B. HUNT and J.B. HUNT TRANSPORT breached their duty by failing to properly hire, train, supervise, and retain Defendant JOHNSON, resulting in Defendant JOHNSON's negligent operation of the vehicle, which caused the subject collision to occur.

29. The negligence, carelessness, and recklessness of Defendants J.B. HUNT and J.B. HUNT TRANSPORT in hiring, training, supervising, and retaining Defendant JOHNSON were the actual and proximate cause of Plaintiff's damages.

30. As a direct and proximate result of the negligence, carelessness and recklessness of Defendants, and each of them, Plaintiff incurred, and will incur in the future, medical expenses in an amount to be proven at the time of trial.

31. As a further direct and proximate result of the negligence, carelessness and recklessness of Defendants, and each of them, Plaintiff suffered injuries, all or some of which conditions may be permanent or disabling in nature, causing general damages in an amount to be determined at trial, but which are in excess of $15,000.00.

32. As a further and direct proximate cause of the negligence of the Defendants, and each of them, Plaintiff has suffered and continues to suffer a significant deterioration in Plaintiff's enjoyment of life and lifestyle.

33. As a direct result of the Defendant's negligence. Plaintiff has been forced to seek

the services of an attorney and Plaintiff is therefore entitled to recover her attorney's fees from Defendant.

**PRAYER FOR RELIEF**

WHEREFORE PLAINTIFF PRAYS AS FOLLOWS:

1. Damages for costs of medical care and treatment and costs incidental therein, when the same have been fully ascertained, but which on information and belief are in excess of $15,000;

2. For punitive damages to be decided by a trier of fact.

3. General damages in an amount in excess of $15,000.

4. For reasonable attorney's fees and costs of suit incurred herein; and,

5. For such other and further relief as the Court may deem proper.

DATED this 12 day of December, 2017.

HENNESS & HAIGHT

JACOB S. SMITH, ESQ.
Nevada Bar No. 10231
BREANNA K. HARTMANN, ESQ.
Nevada Bar No. 13889
HENNESS & HAIGHT INJURY ATTORNEYS
8972 Spanish Ridge Avenue
Las Vegas, Nevada 89148
(702) 862-8200 Telephone
(702) 862-8204 Facsimile
jake@hennessandhaight.com
*Attorneys for Plaintiff*

Electronically Filed
12/12/2017 3:35 PM
Steven D. Grierson
CLERK OF THE COURT

**IAFD**

MARK G. HENNESS, ESQ.
Nevada Bar No. 5482
BREANNA K. HARTMANN, ESQ.
Nevada Bar No. 13889
HENNESS & HAIGHT
8972 Spanish Ridge Avenue
Las Vegas, Nevada 89148
(702) 862-8200 Telephone
(702) 862-8204 Facsimile
jacob@hennessandhaight.com
*Attorneys for Plaintiff*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

CRISTIAN GARCIA-CHAVEZ, an individual,

Plaintiff,

vs.

J. B. HUNT CORP., J.B. HUNT TRANSPORT, INC., ORLANDA JOHNSON, and DOES I through X; and ROE CORPORATIONS II through XX, inclusive,

Defendants.

Case No.: A-17-766168-C
Dept. No.: Department 4

**INITIAL APPEARANCE FEE DISCLOSURE**

Pursuant to NRS Chapter 19, as amended by Senate Bill 106, filing fees are submitted for fees appearing in the above-entitled action as indicated below:

| | |
|---|---|
| CRISTIAN GARCIA-CHAVEZ, individually | $ 270.00 |
| **TOTAL REMITTED:** | **$ 270.00** |

Dated this 12 day of December, 2017

JACOB S. SMITH, ESQ.
Nevada Bar No. 10231
BREANNA K. HARTMANN, ESQ.
Nevada Bar No. 13889
8972 Spanish Ridge Ave.
Las Vegas, Nevada 89148
*Attorneys for Plaintiff*

Electronically Filed
12/18/2017 7:55 AM
Steven D. Grierson
CLERK OF THE COURT

AFFT
Henness & Haight
Jacob S. Smith, Esq.
8972 Spanish Ridge Ave.
Las Vegas , NV 89148
State Bar No.: 10231
Attorney(s) for: Plaintiff(s)

Legal Process Service, 724 S. 8th Street, Las Vegas, NV 89101 (702) 471-7255

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

**Christian Garcia-Chavez, an individual**
*Plaintiff(s)*
*vs*
**J.B. Hunt Corp; et al.**
*Defendant(s)*

Case No.: **A-17-766168-C**
Dept. No.: **4**
Date:
Time:

**AFFIDAVIT OF SERVICE**

I, **Joe Ricondo**, being duly sworn deposes and says: That at all times herein affiant was and is a citizen of the United States, over 18 years of age, licensed to serve civil process in the State of Nevada under license #604, and not a party to or interested in the proceeding in which this affidavit is made. The affiant received **1** copy(ies) of the: **Summons; Complaint** on the **15th** day of **December**, **2017** and served the same on the **15th** day of **December**, **2017** at **10:36 am** by serving the **Defendant(s)**, **J.B. Hunt Transport Inc.** by personally delivering and leaving a copy at **Registered Agent, CSC Services of Nevada, Inc., 2215-B Renaissance Dr., Las Vegas, NV 89119** with **Frances Gutierrez, Customer Services Specialist** pursuant to NRS 14.020 as a person of suitable age and discretion at the above address, which address is the address of the registered agent as shown on the current certificate of designation filed with the Secretary of State.

**State of Nevada, County of** Clark
SUBSCRIBED AND SWORN to before me on this
**15th** day of **December** **2017**

Notary Public **K.E. Murray**

NOTARY PUBLIC
STATE OF NEVADA
County of Clark
K.E. MURRAY
Appt. No. 04-91449-1
My Appt. Expires Sept. 3, 2020

Affiant - Joe Ricondo # R-053662

**Legal Process Service** License # 604
WorkOrderNo **1708709**

193